**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| NORTHLAND SERVICES, INC,<br><br>      Plaintiff,<br>vs.<br><br>20' CONTAINER AND ITS<br>CONTENTS OF USED OFFICE AND<br>ELECTRONIC PARTs, *IN REM*,<br><br>      Defendant. | 3:13-cv-029-JWS -JDR<br><br>**RECOMMENDATION REGARDING**<br>**DEFENSE MOTION TO DISMISS**<br>**FOR LACK OF JURISDICTION**<br><br>(Docket No. 18) |

**I. Introduction**

On February 13, 2012, Northland Services, Inc. ("Northland") filed a complaint, *in rem*, for unpaid freight against a 20' container and its contents of used office and electronic parts. Docket 1. The case was referred to this court, and orders granting motions for the arrest of the cargo and appointment of a substitute custodian were issued. Dockets 7-9.

On April 15, 2013, Claimant Richard Green ("Green") filed an answer to the complaint and a counterclaim against Northland, as well as a motion to dismiss for lack of jurisdiction and a motion for extension of time. Dockets 17-19. That same day, Northland filed a motion for entry of default. Docket 16. The clerks

office subsequently entered an entry of default against "all persons and entities claiming an interest in the *In Rem* defendant[s] excluding those who have filed claims and answers pursuant to Admiralty Rule C or complaints in intervention in the above-entitled action." Docket 21. Northland then filed a motion for default judgment and a motion for order of sale. Dockets 22, 23. For the reasons stated below, the Motion to Dismiss for Lack of Jurisdiction should be DENIED.

Green argues that his motion to dismiss for lack of jurisdiction should be granted because there is a case currently pending in Alaska Superior Court and Northland failed "to state how this claim for *in rem* falls within the bounds of Rule C." Docket 18 at 2. Northland states that it is a holder of a maritime lien for freight and costs as a result of Green's failure to pay for the entire cost of shipping the container. Northland argues that pursuant to Supplemental Admiralty Rule C(1)(a) it is allowed to bring an action *in rem* in federal court to enforce its maritime lien.

## II. Relevant Facts

Around October 13, 2010, Green, an Alaska resident, contracted with Northland to ship the 20' container filled with used office equipment and electronic parts from Honolulu to Wasilla. It is alleged that Green failed to pay Northland the full amount owed upon delivery.

//
//

Northland, a Washington corporation, first filed an *in personam* action against Green for payment of freight in Alaska Superior Court at Palmer.[1] Northland sought payment of $4,455.53 plus storage fees at $15 per day from December 19, 2010; prejudgment interest and post judgment interest at the contract rate of 18%; and attorneys fees. Docket 12, Exhibit 4. The case was originally brought in Alaska District Court, but was later transferred to Superior Court on February 27, 2012 because the amount of damages sought in Green's counterclaims exceeded $100,000. *Id.* at Exhibit 6.

After Northland filed its complaint in U.S. District Court, a notice of arrest was published on February 26, 2013. Docket 15. In response, Green filed an "Ex Parte Sealed Emergency Motion" for the court to dismiss the instant action. Docket 12. That motion was denied without prejudice. Docket 13. Meanwhile, the Superior Court case was "STAYED pending the sale of the Container" on May 3. Docket 27, Exhibit 2.

### III. Legal Analysis

At issue is whether this court has jurisdiction to hear a case when a plaintiff first files a complaint in state court and then, while the state court case is still pending, files an admiralty complaint against the contents of a container *in rem* in U.S. District Court.

---

[1] 3PA-11-02011CI.

Federal courts have jurisdiction over admiralty and maritime cases based on the grant of power in Article III, Section 2 of the Constitution. Section 2 states, "The judicial Power shall extend . . . to all Cases of admiralty and maritime Jurisdiction."[2] The Constitution gave the power of jurisdiction to the U.S. Supreme Court, which the Court later conferred on the U.S. District Courts in the First Judiciary Act.[3] Title 28, Section 1333 of the U.S. Code conveys admiralty jurisdiction to the federal Courts.

Section 1333, ADMIRALTY, MARITIME AND PRIZE CASES, states, "The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled . . . ." Civil Rule 9(h) addresses the court's jurisdiction over Admiralty and Maritime Claims:

> (1) *How Designated*. If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty

---

[2] *See* ADMIRALTY & MAR. LAW § 3-1 (5th ed.)

[3] *Id.* (citing Act of Sept. 24, 1789, ch. 20, § 9, 1 Stat. 73 ("The constitutional grant of 'all Cases of admiralty and maritime jurisdiction' defines only the judicial power of the Supreme Court. In the First Judiciary Act, Congress conferred on the District Courts of the United States ' . . . original cognizance of all civil causes of admiralty and maritime jurisdiction . . . .))

or maritime claim for those purposes, whether or not so designated.

Supplemental Rule C(1)(a) states that, when available, an action *in rem* may be brought "to enforce any maritime lien." All that is required for there to be jurisdiction "are the *res* and a maritime contract." *Logistics Management, Inc., v. One (1) Pyramid Tent Arene*, 86 F.3d 908, 912 (9th Cir. 1996).

In the present situation, Green incorrectly interprets Civil Rule 9(h) and Supplemental Rule C(1)(a). The task of determining whether a federal court has admiralty jurisdiction or maritime jurisdiction has been primarily left to "the courts and, to a lesser extent, [] Congress." Robert Force, ADMIRALTY AND MARITIME LAW 1 (Federal Judicial Center, 2004). However, Supplemental Rule C(1)(a) clearly allows for a party to bring an action in rem to enforce any maritime lien. Northland did not name Green as a defendant in this case. The case is purely an action *in rem* against the contents of the 20' container for unpaid freight. It does not matter that Northland first filed suit in state court. That suit is against the *in personam* defendant. By rule this court has jurisdiction to hear Northland's *in rem* action. The issue becomes whether Northland has a maritime lien.

"A maritime lien is a secured right peculiar to maritime law. A lien is a charge on property for the payment of a debt, and a maritime lien is a special property right in a vessel given to a creditor by law as security for a debt . . . ." Force, *supra*, at 163. In the simplest terms, "a maritime lien is a nonpossory security device

that is created by operation of law" that can only be "brought *in rem* against the vessel itself." *Id.* However, a maritime lien is different in that "maritime liens are secret liens; they do not require recordation." *Id.* at 164. A common example of maritime claim that gives rise to maritime lien is "a claim by a carrier for unpaid freight." *Id.* at 166 *(see also Logistics Management, Inc., v. One (1) Pyramid Tent Arena*, 86 F.3d 908 (9th Cir. 1996) (holding that carrier did have a maritime lien against the cargo and that the lien was not extinguished by delivery of the cargo to the rail carrier); *Hawkspere Shipping Co., v. Intamex, S.A.*, 330 F.3d 225 (4th Cir. 2003) (upholding carrier's *in rem* claim against the cargo when seeking to recover unpaid freight)).

Here, as evidenced by two freight bills, Northland is the common carrier that was designated to ship the contents of the 20' container from Honolulu to Wasilla. Northland submitted two freight bills in its Complaint. Docket 1, Exhibit B 1-2. The bills added together total $4,455.53. It is alleged that $4,455.53 is unpaid. Therefore, Northland has a valid maritime lien against the contents of the container based on Green's failure to pay.

//
//
//
//
//

## IV. Conclusion

This court has jurisdiction to hear Northland's *in rem* complaint seeking unpaid freight. The *in rem* action against the contents of the 20' container should be allowed to proceed.

DATED this 6th day of June, 2013, at Anchorage, Alaska.

*/s/ John D. Roberts*
JOHN D. ROBERTS
United States Magistrate Judge


Pursuant to Rule 59(b)(3), Federal Rules of Criminal Procedure, any objections will be considered by the District Court Judge who will accept, reject, or modify the recommendation, or resubmit the matter to the Magistrate Judge for additional consideration and recommendation. Failure to object in accordance with this rule waives a party's right to review.

Objections to this report and recommendation shall be served and filed no later than **CLOSE OF BUSINESS, June 18, 2013**. Responses to objections are due by **CLOSE OF BUSINESS, on June 28, 2013**. Objections and responses shall not exceed 5 pages in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support.